VANUS JENNINGS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Where two grades of an offense are charged in different counts of an indictment, and the evidence shows that the crime was committed by the defendant, but leaves in doubt the grade, he should not be acquitted, but the jury should give him the benefit of the doubt by finding him guilty of the lower grade.

2. The evidence is sufficient to support the verdict.

Criminal law. Indictment. Before Judge Rice. Oconee Superior Court. July Term, 1876.

The following statement of facts, shown by the evidence, when taken in connection with the decision, sufficiently reports this case: The owner of a dwelling house in Oconee county left it about 4 o'clock in the afternoon, and returned about the same hour on the next day, December 12, 1875. In the meantime the house was broken open and entered, and certain articles were stolen therefrom. A lamp had been moved from the place where it was left, matches had been lit, and the partially burned ends left on the floor. The prisoner was familiar with the premises; he was seen cutting wood about half a mile from the house after twelve o'clock on the night of the 11 of December. Most of the stolen property was traced to his possession shortly after the commission of the crime. He sold several of the articles, and made conflicting statements as to the manner in which he became possessed of them.

EMORY SPEER, by A. S. CLAYTON and FRANK HARALSON, for plaintiff in error.

A. L. Mitchell, solicitor general, by Jackson & Lumpkin, for the state.

Warner, Chief Justice.

The defendant was indicted for the offense of " burglary," and on the trial therefor was found guilty of burglary in the day time.   A motion was made for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendant excepted.

1. There were two counts in the indictment, in one of which the defendant was charged with the offense of burglary in the night-time, and in the other he was charged with the offense of burglary in the day-time.   It was insisted on the argument for the plaintiff in error that the evidence did not show whether the offense was committed in the day or night time, and therefore the verdict was wrong.   There is sufficient evidence in the record that a burglary was committed, but, from that evidence, it is somewhat doubtful whether the offense was committed in the day or night, and the jury gave the defendant the benefit of the doubt by finding him guilty of the lesser grade of the offense.

2. The fact that some of the articles in the house which was broken open and entered were soon thereafter found in the defendant's possession, and of which possession he failed to give a satisfactory account, together with the other circumstances detailed in the evidence, was sufficient, in our judgment, to support the verdict of the jury; and, as the presiding judge was satisfied with it, we will not interfere.

Let the judgment of the court below be affirmed.